YUE NG WONG; Zhun Ming Lin, Petitioners,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–70685.

United States Court of Appeals, Ninth Circuit.

Submitted May 7, 2004.*

Decided June 29, 2004.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2)(C).

Theodore N. Cox, Law Offices of Theodore Cox, Esq., New York, NY, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS—District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Richard M. Evans, Esq., Paul Fiorino, Esq., DOJ—U.S. Department Of Justice, for Respondent.

Before: HUG, TASHIMA, and PAEZ, Circuit Judges.

### MEMORANDUM **

Husband and wife, Mr. Zhun Ming Lin and Mrs. Yue Ng Wong, natives and citizens of China, petition for review of a decision of the Board of Immigration Appeals ("BIA") affirming the decision of the Immigration Judge ("IJ") denying their applications for asylum, withholding of removal, and relief under the Convention

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

Against Tortures Act. The IJ further found that Lin and Wong filed frivolous asylum applications. Petitioners argue that the IJ erred in finding their testimony not credible and in finding them ineligible for asylum. We have jurisdiction pursuant to 8 U.S.C. § 1252(b)(2), and we grant the petition. Because the BIA affirmed the IJ's decision without opinion, under its streamlining procedure, 8 C.F.R. § 3.1(e)(4), we review the IJ's decision as the agency's final action. *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849 (9th Cir. 2003). We review the IJ's adverse credibility finding under the substantial evidence standard. *Manimbao v. Ashcroft*, 329 F.3d 655, 658 (9th Cir.2003).

We conclude that the IJ's credibility determination is not supported by substantial evidence. Many of the reasons cited by the IJ for finding Lin and Wong not credible are not legitimate or substantial.[1] For example, the IJ's finding that Lin and Wong are not credible because they could not remember their daughter's birth date is based on speculation and conjecture on how parents in general should act. We have "repeatedly held that it is error to rest a decision denying asylum on speculation and conjecture." *Shah v. INS*, 220 F.3d 1062, 1069 (9th Cir.2000); *see also Maini v. INS*, 212 F.3d 1167, 1175 (9th Cir.2000) (condemning the IJ and the BIA for concluding that the record did not show persecution based on "conjecture and speculation" regarding how alleged persecutors should have acted).

The IJ's skepticism about why Wong did not receive some type of notice to insert the intrauterine device ("IUD") from the family planning commission is based on

---

1. Because the parties are familiar with the facts of this case, we do not recite them here except as necessary to aid in understanding this disposition.

speculation and conjecture regarding how the Chinese government should act. Similarly, the IJ's disbelief of Wong's explanation as to the photograph taken with Wong's mother-in-law and three children is based on speculation.[2] In short, the IJ's reasons for finding Lin and Wong not credible are not supported by substantial evidence.

Furthermore, the IJ's findings regarding the documents Lin and Wong submitted in support of their claim are not supported by substantial evidence. *See Wang v. INS*, 352 F.3d 1250, 1254 (9th Cir.2003) (holding that to the extent the IJ based her adverse credibility finding on Wang's failure to supply affirmative authentication for the documents, her finding did not meet the substantial evidence standard).

Regarding the deposit slip for hospital medical expenses, the IJ speculated about the size of the Fuzhou hospital and its record-keeping practices without any specific evidence regarding those facts. The government presented only a general warning from the State Department that documents from this region are likely to be counterfeited. Regarding the children's birth certificates, the IJ again speculated that they were not reliable because of the types of information they contained and because they contained English. Her analysis of these documents was based completely on conjecture, deducing her own conclusions from speculations and presumptions.

Because we conclude that the IJ erred in her credibility determination, we also reject her finding that Lin and Wong filed a frivolous asylum application. The BIA has extended asylum protection to individuals and spouses of individuals forcibly sterilized under China's one child policy. *See Ge v. Ashcroft*, 367 F.3d 1121, 1127 (9th Cir.2004). Additionally, the statute protects any person "who has been persecuted for failure or refusal to undergo such a procedure or for other resistance to a coercive population control program." 8 U.S.C. § 1101(a)(42)(B).

Here, Wong testified that she was threatened by China's family planning commission to "undergo involuntary sterilization" for "a coercive population control program." Moreover, Wong testified that she was persecuted for not abiding by China's one child policy and was harassed by family planning officials to insert an IUD after her first and second deliveries. As a result of the family planning officials' persecution, Wong and Lin were compelled to flee from their home and seek refuge in Lin's sister's home. In light of this credible testimony, we conclude that petitioner's asylum claim was not frivolous.

For the foregoing reasons, we remand this case to the BIA for it to determine whether Lin and Wong are eligible for relief in light of our credibility finding. *See INS v. Ventura*, 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (holding that immigration cases should be remanded to the BIA where questions statutorily placed in the agency's hands have yet to be decided).

PETITION FOR REVIEW GRANTED.

---

**2.** Additionally, the IJ's skepticism about Wong's explanation of different hospitals' policies regarding age (whether to record the Chinese age or true age), Lin's explanation for keeping his wife and children off the household registry, and the reasons why Wong's parents' house was never confiscated by the government is based on speculation and conjecture.